UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JOHNSON, JR.,

                 Plaintiff,                               Case Number 19-13539
                                                         Honorable David M. Lawson
v.                                               Magistrate Judge R. Steven Whelan

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AFFIRMING THE FINDINGS OF
THE COMMISSIONER, AND DISMISSING COMPLAINT**

Plaintiff Charles Johnson, Jr., a 46-year-old man, says that he cannot work because of a

variety of physical and mental disabilities.   His application for supplemental security income (SSI)

under Title XVI of the Social Security Act was denied after an administrative hearing, and he filed

this case seeking review of the Commissioner's decision.   The case was referred to United States

Magistrate Judge R. Steven Whelan under 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3).

Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the

Commissioner and remand the case for an award of benefits or for further consideration by the

administrative law judge (ALJ).   The defendant filed a motion for summary judgment requesting

affirmance of the decision of the Commissioner.   Magistrate Judge Whelan filed a report on

January 7, 2021, recommending that the defendant's motion for summary judgment be granted,

the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed.  The plaintiff filed timely objections, and the defendant filed a response.  The matter is now before the Court.

Johnson, who is now 46 years old, filed his current application for SSI benefits on April 15, 2016, when he was 41.  He had filed a previous application for SSI benefits in 2011, which was denied at the administrative level on April 13, 2012.  That denial was affirmed by the United States District Court for the Southern District of Mississippi and again by the Fifth Circuit court of appeals.  Johnson's current application for benefits alleged disability beginning April 14, 2016.

Johnson never completed high school.  He previously worked as a cook, lawn mower, machine operator, and maintenance worker.  He alleges that he is disabled due to arthritis, a pinched nerve, a skin condition, and depression.  The ALJ found other, different severe impairments, as explained below.

Johnson's current application for disability benefits was denied initially on August 25, 2016.  He timely filed a request for an administrative hearing, and on February 22, 2018, he appeared before ALJ David A. Mason, Jr.  On August 6, 2018, ALJ Mason issued a written decision in which he found that Johnson was not disabled.  On October 18, 2019, the Appeals Council denied Johnson's request for review of the ALJ's decision.  On November 27, 2019, the plaintiff filed his complaint *pro se* seeking judicial review of the denial of his requested benefits.

ALJ Mason determined that Johnson was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 416.920.  At step one of the analysis, the ALJ

found that Johnson had not engaged in substantial gainful activity since April 16, 2016.  At step two, he found that Johnson suffered from residuals from a stab wound to the upper left leg, degenerative disc disease of the lumbar spine, carpal tunnel syndrome of the left upper extremity, schizoaffective disorder, osteoarthritis of the right hip, and obesity — impairments which were "severe" within the meaning of the Social Security Act.  The ALJ determined that Johnson's other impairment, headaches caused by medication, was not severe.  He found mild limitations in understanding, remembering, and applying information and adaption, and moderate limitations in interacting with others and concentration, persistence, or pace. At step three, the ALJ found that none of the severe impairments, alone or in combination, met or equaled a listing in the regulations.

Before proceeding further, the ALJ determined that Johnson retained the functional capacity (RFC) to perform sedentary work as defined in 20 CFR 416.967(b), with certain limitations.  The ALJ determined that Johnson (1) can stand or walk for six hours total in an eight-hour workday for two hours at a time and sit six hours total in an eight-hour workday for one hour at a time, but after 30 minutes of sitting, can get up and move about for 2-3 minutes while remaining on task; (2) occasionally can climb ramps and stairs with a handrail; (3) never can climb ladders, ropes, or scaffolds; (4) occasionally can balance, stoop, kneel, crouch, and crawl; (5) never can be exposed to excessive vibration, including vibrating air or hand tools; (6) occasionally can use foot controls bilaterally; (7) can perform simple, routine, repetitive, one- to three-step tasks (less than constant) that do not require a specific production rate in a work environment free of fast-paced production requirements, involving only simple work related decisions with few, if any,

work place changes; (8) occasionally can make contact with coworkers, supervisors, and the general public; (9) stay "off task 8% of the workday"; and (9) frequently can handle, finger, and feel with the left hand.

At step four of the analysis, the ALJ found that the plaintiff had no past relevant work experience.

At step five, the ALJ relied on the testimony of a vocational expert (VE), who testified Johnson could perform the duties of representative occupations including bench assembler (80,000 jobs in the national economy), inspector (75,000 jobs), and packer (70,000 jobs), if his RFC were as the ALJ found. However, the VE testified that the need to stand for five minutes with the use of a cane every 30 minutes would be work preclusive. The ALJ concluded, based on Johnson's RFC, that the plaintiff could perform work available in the national economy. Based on those findings — and noting that, if the plaintiff had the capacity to perform a full range of light work, then a "not disabled" finding would have been mandated by Medical Vocational Rule 202.17 — the ALJ concluded that Johnson was not disabled within the meaning of the Social Security Act.

In his motion for summary judgment, Johnson, proceeding *pro se*, raised two arguments. First, he disputed the ALJ's conclusion that he did not require a cane to walk, noting that in January 2018, a medical source prescribed the use of a cane. He also contends that the ALJ erred by declining to adopt Dr. Mazher Hussain's observations that Johnson exhibited an antalgic gait (or limp). Second, Johnson argued that, although his headaches do not render him disabled for the

-4-

entire two-year-plus period under consideration, the condition caused significant limitation for at least 12 months.  He attached records to support his arguments that were not reviewed by the ALJ.

The magistrate judge rejected those arguments. He found that substantial evidence supports the ALJ's RFC determination.  The magistrate judge found that the ALJ appropriately concluded that the plaintiff did not require the use of a cane based on the findings of three physicians: Dr. Hussain, Dr. Bharat Tolia, and Dr. Mark Mounayer.  He noted that Dr. Tolia observed that Johnson exhibited full muscle strength and a normal range of motion, and Dr. Mounayer observed only a mild right-sided limp and mild difficulty walking.  Moreover, objective testing, including an EMG and MRIs of the lumbar spine, revealed no more than mild to moderate abnormalities.  Second, the magistrate judge found no error with the ALJ's conclusion that Johnson's headaches did not constitute a severe impairment that lasted at least 12 months because the plaintiff's isolated report of headaches ceased when he stopped taking Tazadone and because Johnson denied suffering from headaches numerous times.

Additionally, the magistrate judge construed Johnson's attachment of new documents as a motion for a Sentence Six remand to the administrative level for a review of the new material and concluded that such was remand was not warranted.  *See* 42 U.S.C. § 406(g).  Johnson introduced a "Verification of Disability" from August 2019 that entitled him to a housing voucher, and a photo of a "handicap" Michigan license plate.  The magistrate judge denied the request for a Sentence Six remand because the "disability" finding from 2019 lacked relevance as it was issued over one year after the ALJ's August 6, 2018 decision.   He also found that Johnson failed to show that the

undated license plate was issued during the period under consideration by the ALJ, and even if it was, the plaintiff did not offer "good cause" for its tardy submission. *See Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993).

Johnson filed six objections to the magistrate judge's report and recommendation. The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

-6-

First Objection

In his first objection, Johnson argues that the magistrate judge erred by disregarding his argument that the ALJ erred by "cherry picking" the record for evidence supporting the non-disability determination and that the allegations of physical limitation were improperly discounted. He faults the magistrate judge for ignoring conflicting evidence from Dr. Mounayer, who found that the plaintiff had lumbar muscle spasms and a limited range of motion.

This argument fails to appreciate the nature of the judicial review allowed by the Social Security Act. The Social Security system established by Congress is comprised of an administrative level at which claims are adjudicated and a judicial level at which administrative decisions are reviewed by the federal courts solely to determine if they are within statutory authority and are not arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S. 521 (1990). The Court's task in reviewing a Social Security disability determination is a limited one. The ALJ's findings are conclusive if they are supported by substantial evidence, according to 42 U.S.C. § 405(g). Consequently, the Court's review is confined to determining whether the correct legal standard was applied, and whether the findings are supported by substantial evidence on the whole record. *See Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003).

"'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This Court does not base its decision on a single piece of evidence and disregard

-7-

other pertinent evidence when evaluating whether substantial evidence exists in the record. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). Thus, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec. of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989).

The magistrate judge summarized all of the evidence in the record on his way to performing the review required by the Social Security Act. The ALJ likewise discussed evidence that was both favorable and unfavorable to the plaintiff's argument. There is "little indication that the ALJ improperly cherry picked evidence; the same process can be described more neutrally as weighing the evidence." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 284 (6th Cir. 2009). The magistrate judge concluded that the ALJ gave fair consideration to all the evidence bearing on the plaintiff's use of a cane, and the Court agrees. "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons v. Barnhart,* 114 F. App'x 727, 733 (6th Cir. 2004) (quoting *Craig v. Apfel,* 212 F.3d 433, 436 (8th Cir. 2000)).

The first objection will be overruled.

### Second Objection

In his second objection, Johnson argues that the magistrate judge erred again by cherry picking evidence from Dr. Tolia's observations that the plaintiff exhibited full muscle strength, a normal range of motion, normal neurological signs, a normal gait, and the ability to walk on heels

and toes.  He contends that the ALJ and the magistrate judge improperly disregarded 2016 EMG results, which showed that the plaintiff suffered from bilateral L5-S1 radiculopathy.

Once again, the magistrate judge concluded — correctly — that the ALJ weighed the evidence, rejecting findings that were consistent with the plaintiff's complaints in favor of other evidence that contradicted them, explaining his choices.  To upset those choices, as the plaintiff urges here, would be to reweigh the evidence, which the Court may not do in its limited judicial review function.  42 U.S.C. § 405(g); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (holding that the Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility").

Contrary to the plaintiff's assertion, the ALJ did discuss (and therefore must have considered) the objective evidence of the EMG studies when evaluating the plaintiff's subjective complaints.  Considering both favorable and unfavorable medical evidence is the proper role of the ALJ, with which courts cannot interfere if his ultimate conclusion is supported by substantial evidence — a low bar, consisting of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, --- U.S. ---, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229 (1938)); *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

The second objection will be overruled.

-9-

Third Objection

In his third objection, Johnson argues that the magistrate judge erroneously focused on Dr. Hussain's administration of epidural injections without complications. He contends that the magistrate judge ignored Dr. Hussain's findings that the plaintiff exhibited a painful range of motion, antalgic gait, and used a cane, which conflicted with Dr. Tolia's records.

There is no error here. The magistrate judge accurately summarized the record evidence. As the plaintiff acknowledges, the evidence conflicted, but it is the ALJ's role to resolve conflicts in the evidence. The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotation marks and citations omitted). The Court "may not try the case *de novo,* nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

Fourth Objection

In his fourth objection, Johnson argues that the magistrate judge erred by concluding that the ALJ's rejection of the plaintiff's alleged degree of limitation should not be disturbed. First, he contends that the ALJ improperly disregarded the plaintiff's subjective symptoms — that he was unable to carry any meaningful weight and needed a cane since 2009 — in light of his objective testing, which suggested otherwise. He maintains that the ALJ impermissibly found that the plaintiff was able to walk to attend his business without describing what type of business the plaintiff was involved in or where he walked.

-10-

The magistrate judge correctly determined, however, that the ALJ considered all of the medical and nonmedical evidence, including negative EMG studies and MRI reports of only mild to moderate abnormalities. Where the plaintiff walked and the nature of his "business" are irrelevant; the point is that he was able to ambulate without a car — and without cane — which suggested that his limitations were not as severe as he described in his testimony. That is pertinent evidence upon which the ALJ can base a decision. *See* 20 C.F.R. § 416.929(c)(3).

Second, Johnson argues that he need not have produced objective medical evidence of the pain or fatigue that he experienced and that the magistrate judge failed to apply the Ninth Circuit's "credit-as-true" rule. It is true that a claimant need not produce objective medical evidence to bolster complaints of pain. But evidence that negates those symptoms, and activities of daily living that tend to contradict the severity of those complaints, are relevant and fairly considered by the ALJ. The so-called "credit-as-true" rule plays no role here. It is not a concept that is widely discussed in this circuit, and it is relevant only in those situations where there is a flawed rejection of a claimant's subjective complaints and a court must determine of an award of benefits is the proper remedy. As explained above, and as discussed by the magistrate judge, the ALJ committed no error by discounting the plaintiff's subjective complaints of pain and fatigue.

Finally, the plaintiff contends that the ALJ failed to provide a sufficient reason to reject his testimony and the opinion of his treating physician, Dr. Asif Iqbal, who asserted that the plaintiff needed a cane. But as mentioned throughout this order, substantial evidence in the record supports the ALJ's decision.

-11-

The plaintiff's fourth objection lacks merit.

Fifth Objection

In his fifth objection, Johnson raises new procedural concerns.  He contends that the magistrate judge erred by not striking the defendant's motion for summary judgment as untimely.  He also asserts that the defendant filed an *ex parte* motion for an extension of time to respond to the plaintiff's motion for summary judgment.  The magistrate judge granted that motion by text order.  *See* ECF No. 29.  Presumably, the plaintiff argues that the magistrate judge improperly granted that motion, although he does not make that point clear.  In any event, the plaintiff did not appeal that procedural order at the time, and there was no error in the schedule adjustment.

Sixth Objection

In this sixth and final objection, Johnson argues that the magistrate judge erred by finding that he can meet the demands of a full range of light work.  He notes that in situations involving an unusual limitation of the ability to sit or stand, a vocational expert should be consulted.   He alleges that the magistrate judge impermissibly allowed the ALJ to substitute his own judgment for such an expert.

However, the ALJ actually did rely on a VE when he determined that the plaintiff could perform the functions of the three representative occupations that the VE identified.   The assessment of residual functional capacity for work was made after all of a claimant's limitations have been taken into account.  *See* 20 C.F.R. § 416.945.  And the hypothetical questions posed to the VE included a "complete assessment of [the claimant's] physical and mental state and

-12-

include[d] an accurate portrayal of [his] individual physical and mental impairments." *Howard v. v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239 (6th Cir. 2002) (quotation marks and alterations omitted) (quoting *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987)).   In fashioning the hypothetical question to be posed to the vocational expert, the ALJ "is required to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir.  1993).  That is what the ALJ did here. "[A]n ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v.  Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

The plaintiff's sixth objection will be overruled.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.  The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 32) is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections (ECF No. 35) are **OVERRULED**.

-13-

It is further **ORDERED** that the plaintiff's motion for summary judgment (ECF No. 27) is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment (ECF No. 30) is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:  April 5, 2021

-14-